UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES MCLAUGHLIN,

    Plaintiff,

        v.

PROGRESS RAIL SERVICES CORP. and
RICK HARRIS,

    Defendants.

Case No. 14-cv-456-JPG-SCW

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendant Rick Harris' motion to dismiss the retaliatory discharge claim against him based on *Buckner v. Atlantic Plant Maintenance, Inc.*, 694 N.E.2d 565, 570 (Ill. 1998), which held that the only proper defendant in an Illinois retaliatory discharge claim is the plaintiff's former employer, not his former supervisor (Doc. 4). Plaintiff Charles McLaughlin has responded that he does not object to dismissal of Harris based on *Buckner* (Doc. 8). Accordingly, the Court **GRANTS** Harris' motion to dismiss, **DISMISSES with prejudice** McLaughlin's retaliatory discharge claim against Harris and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

    The Court further finds that Harris was fraudulently joined in this action because there is no possibility that McLaughlin could state a cause of action against him. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Accordingly, his citizenship, which is the same as McLaughlin's, will be disregarded in determining whether diversity jurisdiction exists under 28 U.S.C. § 1332(a). *See id.* Because McLaughlin and defendant Progress Rail Services Corp. are completely diverse and the amount in controversy exceeds $75,000, excluding interest and costs, the Court has diversity jurisdiction to hear this case.

**IT IS SO ORDERED.**
**DATED: July 1, 2014**

                                    s/J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**